# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40001
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Steven Thomas Mathis; Omar Daniel Garcia-Agosto,

*Defendants—Appellants*.

———————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-265-2
USDC No. 4:19-CR-265-1

———————————————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Steven Thomas Mathis and Omar Daniel Garcia-Agosto appeal their convictions for conspiracy to possess with intent to distribute cocaine. They argue the district court abused its discretion in admitting evidence of their marijuana and heroin trafficking with coconspirators.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40001

Because Mathis and Garcia-Agosto preserved their claims in the district court, we review for abuse of discretion. *United States v. Lucas*, 849 F.3d 638, 642-43 (5th Cir. 2017). "To determine whether 'other acts' evidence was erroneously admitted, first [this court] must determine whether the evidence was intrinsic or extrinsic." *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996). In a conspiracy case, evidence is intrinsic "if it is relevant to establish how the conspiracy came about, how it was structured, and how the appellant became a member." *United States v. Watkins*, 591 F.3d 780, 784 (5th Cir. 2009).

Mathis and Garcia-Agosto have not shown that the district court abused its discretion in admitting evidence of Mathis's marijuana trafficking. *See Lucas*, 849 F.3d at 642-43. The evidence that a coconspirator, Anthony Morse, sold marijuana to Mathis was intrinsic because it established background facts concerning the relationship between Morse and Mathis, as well as why Morse felt comfortable bringing Mathis into the cocaine conspiracy later. *See United States v. Gurrola*, 898 F.3d 524, 536 (5th Cir. 2018); *United States v. Watkins*, 591 F.3d 780, 784 (5th Cir. 2009). The marijuana trafficking also had temporal proximity to the cocaine conspiracy as Morse began selling marijuana to Mathis in early 2016, and then began dealing cocaine in mid-2016. *See Watkins*, 591 F.3d at 784.

Nor have Mathis and Garcia-Agosto shown that the district court abused its discretion in finding Mathis's heroin trafficking activity was intrinsic to the charged cocaine conspiracy.[1] *See Lucas*, 849 F.3d at 642-43. This evidence established that the coconspirators distributed both cocaine and heroin during the same general time period, used the same sources of

---

[1] The Government did not present evidence that Garcia-Agosto was involved in heroin trafficking.

2

No. 22-40001

supply and the same people to transport both drugs and drug proceeds, distributed the drugs to the same general locations, and commingled funds from the proceeds of both drugs. *See Watkins*, 591 F.3d at 785.

We also are not persuaded that the district court abused its discretion in implicitly finding the probative value of Mathis's marijuana and heroin trafficking evidence outweighed any prejudicial effect under Federal Rule of Evidence 403. *See United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009). Rule 403 "should *generally* not be used to exclude intrinsic evidence, because intrinsic inculpatory evidence is by its very nature prejudicial." *United States v. Sudeen*, 434 F.3d 384, 389 (5th Cir. 2005) (emphasis in original). Here, the evidence had a great deal of probative value as it explained the relationship of the coconspirators and various aspects of the conspiracy. *See Watkins*, 591 F.3d at 784.

It is less clear whether the evidence of Garcia-Agosto's marijuana activities was intrinsic to the charged cocaine conspiracy. Nonetheless, the district court's admission of the marijuana-related evidence was harmless in light of the overwhelming evidence presented at trial that Garcia-Agosto purchased kilogram quantities of cocaine from Morse during the conspiracy, as did Mathis. *See United States v. Williams*, 620 F.3d 483, 492 (5th Cir. 2010).

AFFIRMED.